**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEITH CRUCE,

        Plaintiff,

v.                                           Case No. 08-CV-11434

PATRICIA CARUSO, et. al.,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING CIVIL RIGHTS COMPLAINT**

Plaintiff Keith Cruce is a state inmate currently incarcerated at Parnall Correctional Facility in Jackson, Michigan. Currently pending before the court is Plaintiff's *pro se* civil rights complaint under 42 U.S.C. §1983, that he filed against Defendants Patricia Caruso, the Director of the Michigan Department of Corrections, and Warden Sherry L. Burt.

Plaintiff alleges that he attempted to mail his application for leave to appeal to the Michigan Supreme Court in a timely manner, and his mail request was not properly processed at the prison facility. As a result, Plaintiff's application for leave to appeal was rejected by the Michigan Supreme Court as untimely. (10/17/07 Letter, Pl.'s Comp. Ex. C.) Plaintiff subsequently filed a motion for reconsideration with the Michigan Supreme Court explaining that he was not responsible for the delayed filing. (Pl.'s Mot. Recon., Pl.'s Comp. Ex. D.) However, Plaintiff's reconsideration motion was denied. Plaintiff is suing the Defendants in their official and individual capacities for money damages. He claims that they are responsible for the ongoing staff shortages within the

prison facility, particularly in the mail room, and for their failure to implement the MDOC directive regarding "prisoner outgoing mail" under PD 05.03.118. (Directive, Pl.'s Comp. Ex. B.)

## I. STANDARD

To successfully establish a *prima facie* case under § 1983, a civil rights plaintiff must prove that the defendants acted under color of law and deprived the plaintiff of rights secured by federal law. *Block v. Ribar,* 156 F.3d 673, 677 (6th Cir. 1998), citing *Parratt v. Taylor,* 451 U.S. 527, 535 (1981). When, as here, a prisoner has been granted leave to proceed without prepayment of the filing fee for an action, his or her civil rights complaint against a government entity, officer, or employee may be dismissed in whole or in part if it: (1) is frivolous, malicious, or fails to state a claim for which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. *Smith v. Campbell,* 250 F.3d 1032, 1036 (6th Cir. 2001), citing 28 U.S.C. §§ 1915(e)(2) and 1915A.

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Nietzke v. Williams,* 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief could be granted when under any set of facts that could be proved consistent with the allegations of the complaint, there would remain no entitlement to relief. *Jones v. City of Carlisle,* 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. §1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by that person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. Am.,* 102 F.3d 810, 814 (6th Cir. 1996). Because §1983 is a method for vindicating federal rights, not

2

a source of substantive rights itself, the first step in an action under §1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

## II. DISCUSSION

Plaintiff's claims against Defendants Caruso and Burt fail to state a claim upon which relief can be granted because they are premised on vicarious liability. Plaintiff fails to make specific factual allegations against Defendants Caruso or Burt in relation to his claim that they are responsible for his application for leave to appeal not being processed, mailed and filed in a timely manner with the Michigan Supreme Court. Plaintiff only asserts that Defendant Caruso "is the head of the Michigan Department of Corrections [and] is responsible for its overall operations including the imp[ ]lementing and carrying out of the policy's [under which] she is being sued in her official and individual capacity." (Pl.'s Comp. at 1.) The allegation against Defendant Burt is that she "is the Warden here at Parnall Correctional Facility and is responsible for reviewing all administrative action in connect[ion] with this facility and is [being] sued in her official and individual capacity." (*Id.*)

To the extent Plaintiff attempts to impose supervisory liability upon Defendants Caruso and Burt, he also fails to state a claim. A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Id.; Summers v. Leis,* 368 F.3d 881, 888 (6th Cir. 2004). Although Plaintiff claims that he filed a grievance about the matter, liability may not be imposed simply because a supervisor failed to act based upon

3

information contained in a grievance. See *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff has failed to demonstrate that Defendants Caruso and Burt engaged in any active unconstitutional behavior. Accordingly, he has failed to state a claim against these Defendants.

### III.  CONCLUSION

IT IS ORDERED that this action is DISMISSED as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

IT IS FURTHER ORDERED that Plaintiff's "Motion for Appointment of Counsel" [Dkt. # 3] is DENIED as MOOT.


                                   s/Robert H. Cleland
                                   ROBERT H. CLELAND
                                   UNITED STATES DISTRICT JUDGE

Dated:  May 30, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 30, 2008, by electronic and/or ordinary mail.

                                   s/Lisa G. Wagner
                                   Case Manager and Deputy Clerk
                                   (313) 234-5522