**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

KEITH CRUCE,

      Plaintiff,

v.                                                Case No. 08-CV-11434

PATRICIA CARUSO, et al.,

      Defendants.
_____/

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

On April 3, 2008, Plaintiff Keith Cruce filed a *pro se* civil rights complaint pursuant 42 U.S.C. §1983, naming Patricia Caruso, Director of the Michigan Department of Corrections ("MDOC"), and Warden Sherry L. Burt as defendants. The court summarily dismissed the complaint on May 30, 2008, pursuant to 28 U.S.C. §§1915(e)(2) and 1915A. The court concluded that Plaintiff failed to state a claim for which relief could be granted and that the complaint was frivolous. Pending before the court is Plaintiff's "Answer in Opposition to District Court Order and Opinion Dismissing Civil Rights Complaint Pursuant to 28 U.S.C. §1915(e) and 1915A," which the court interprets as a timely motion for reconsideration. For the reasons stated below, the court will deny the motion.

**I. BACKGROUND**

Plaintiff alleges that he attempted to mail his application for leave to appeal to the Michigan Supreme Court in a timely manner, and his mail request was not properly processed at the prison facility. Therefore, Plaintiff claims that Defendants Caruso and

Burt are responsible for his inability to access the court due to their tolerance of ongoing staff shortages within the prison facility, particularly in the mail room, and for their failure to implement the MDOC directive regarding "prisoner outgoing mail" under PD 05.03.118. (Directive Pl.'s Comp., Ex. B.) Plaintiff's complaint was summarily dismissed because he failed to allege that Defendants Caruso and Burt themselves engaged in any unconstitutional behavior.

In Plaintiff's motion for reconsideration, he asserts that his complaint should not be dismissed for two reasons: (1) due to the principles of liberal notice pleading, Plaintiff is not required to "set out his claim in detail," he "should not be subjected to heightened pleading and proof standards" because he is a prisoner and he should be given the opportunity "to cure any defective pleading;" and (2) Plaintiff was deprived of access to the courts due to Caruso and Burt's failure to govern the implementation of policy directives within the MDOC. (Pl.'s Mot. Recon. at 1-2).

## II. STANDARD

Motions for reconsideration may be granted pursuant to E.D. Mich. LR 7.1(g)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties and (3) that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Mich. Dep't. Of Treasury v. Michalec,* 181 F.Supp.2d 731, 734 (E.D. Mich. 2002) (citations omitted); *Witzke v. Hiller,* 972 F.Supp. 426, 427 (E.D. Mich. 1997). The Local Rules provide that any "motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either

2

expressly or by reasonable implication, shall not be granted." E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Associates, P.C.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997).

### III. DISCUSSION

Plaintiff's motion for reconsideration has not pointed to any palpable defect in the court's ruling. Rather, Plaintiff simply reiterates his allegations against Defendants Caruso and Burt and attempts to explain why his complaint sufficiently states a claim upon which relief can be granted by relying upon his *pro se* status and liberal notice pleading principles. Therefore, Plaintiff's motion for reconsideration is denied for two reasons. First, as previously stated, where motions for rehearing or reconsideration merely present the same issues already ruled upon by the court, relief is properly denied. *Id.*

Second, Rule 8 of the Federal Rules of Civil Procedure requires, in relevant part:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a). Even under the liberal notice pleading requirements of Rule 8 and the liberal perspective in which *pro se* complaints are generally viewed, Plaintiff's complaint does not contain even the minimum requirements of a "short and plain" statement of a claim showing entitlement to relief. *See* Fed. R. Civ. R. P. 8(a); *Vector Research Inc., v. Howard & Howard Attorneys, P.C.,* 76 F.3d 692, 697 (6th Cir. 1996) ("Under the liberal federal system of notice pleading, all that a plaintiff must do in a complaint is give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.") (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

3

Plaintiff's "short and plain statement" against Caruso and Burt fails to state a claim upon which relief could be granted because the statement or claim is premised on vicarious and/or supervisory liability. A claimed constitutional violation must be based upon active unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Id.; Summers v. Leis,* 368 F.3d 881, 888 (6th Cir. 2004). Therefore, even under a liberal reading of Plaintiff's complaint, it fails to show an entitlement to relief, which is required under liberal notice pleading standards.

## IV. CONCLUSION

IT IS ORDERED that Plaintiff's "Answer in Opposition to District Court Order and Opinion Dismissing Civil Rights Complaint Pursuant to 28 U.S.C. §1915(e) and 1915A" [Dkt. # 6] is CONSTRUED as a motion for reconsideration and is DENIED.

                                          s/Robert H. Cleland
                                          ROBERT H. CLELAND
                                          UNITED STATES DISTRICT JUDGE

Dated: July 18, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 18, 2008, by electronic and/or ordinary mail.

                                          s/Lisa G. Wagner
                                          Case Manager and Deputy Clerk
                                          (313) 234-5522